**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CORTAZAR LABORATORIES, LLC,

     Plaintiff,

vs.                                                                      Civ. No. 24-993  WJ/SCY

FIRST-CITIZENS BANK AND
TRUST COMPANY,

     Defendant.

**ORDER REGARDING**
**MOTIONS FOR PROTECTIVE ORDER**

In an attempt to complete all necessary depositions by the March 16, 2026 discovery deadline, each party noticed several witness depositions to take place the last week of discovery. These notices resulted in the parties filing cross motions for protective orders. Doc. 46, 48. Having considered the motions and the relevant law, the Court denies Plaintiff's motion for a protective order and grants Defendant's motion.

**PROCEDURAL BACKGROUND**

After granting several other extensions, on December 8, 2025, the Court extended the discovery deadline in this case to March 16, 2026. Doc. 36. On December 18, 2025, Defendant First-Citizens Bank sent deposition notices to Plaintiff's counsel, scheduling the following depositions: Alfredo Cortazar set for January 12, 2026; Melinda Zak set for January 13, 2026;[1] and a Rule 30(b)(6) representative of Cortazar Laboratories, LLC set for January 12, 2026. Doc. 48-1. The Rule 30(b)(6) notice listed 15 topics Defendant planned to inquire about at the

---

[1] The notice of deposition sets this deposition for "January 13, 2025," Doc. 48-1 at 5, but given that it was transmitted to Plaintiff's counsel on December 18, 2025, the year appears to be a typo, *id.* at 2.

deposition. *Id.* at 10-11. Sometime thereafter, the parties began conferring regarding settlement. Doc. 46 at 2; Doc. 48 at 2-3. As such, on January 7, 2026, Defendant canceled the depositions set for January 12 and 13. Doc. 48-2. However, the parties were unable to settle and so on February 24, 2026, Defendant unilaterally re-noticed the depositions of Alfredo Cortazar, Melinda Zak, and Cortazar Laboratories for March 10 and 11, 2026. Doc. 48-3; Docs. 46-1, 46-2, 46-3. The Rule 30(b)(6) notice of Cortazar Laboratories listed 15 depositions topics, which exactly mirrored the topics listed in the January 12, 2026 notice of deposition. *Compare* Doc. 48-3 at 6-7, *with* Doc. 48-1 at 10-11.

On March 5, 2025, Plaintiff's counsel contacted defense counsel to inform them that "counsel and/or witnesses [were] unavailable on the unilaterally set deposition dates." Doc. 46 at 3. Defense counsel agreed to move the depositions, as long as they took place before the March 16 discovery deadline. Doc. 48 at 4. Instead, on March 6, 2026, Plaintiff filed a notice of nonappearance for the March 10 and 11 depositions, Doc. 47, along with the present motion for protective order, Doc. 46. On March 9, 2026, Defendant filed a response, requesting that the Court deny Plaintiff's motion and order that the depositions move forward on March 10 (the following day) and March 11. Doc. 48.

In its response, Defendant also filed a cross motion for protective order. Doc. 48. That is, on March 6, 2026, Plaintiff unilaterally issued seven notices of depositions, to depose Defendant First-Citizens and several employees on March 12, 13, and 16. On March 9, 2026 Defendant filed a notice of nonappearance for those depositions, Doc. 49, along with its cross motion for protective order, Doc. 48. Plaintiff filed no reply to its motion for protective order and no response to Defendant's motion within the time set forth by the Local Rules. As such, on March 31, the Court issued an order directing Plaintiff to file either a Local Rule 7.4(a) notice that all

parties have agreed to an extension and identifying the new deadline, a motion for additional time to file its reply/response, or a Local Rule 7.4(e) notice that briefing is complete. Doc. 50. Thereafter, Plaintiff filed a notice of completion of briefing. Doc. 51.

## DISCUSSION

Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; prescribing a discovery method other than the one selected by the party seeking discovery; [or] forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). On the other hand, "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Lab.*, 319 F.R.D. 696, 721 (D.N.M. 2017).

Under Rule 30(b)(6), a party may name an entity as a deponent and "describe with reasonable particularity the matters for examination" of that entity. Fed. R. Civ. P. 30(b)(6). The entity must then designate one or more persons to testify on its behalf. *Id.* "The [entity] must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know." *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *25 (D.N.M. Jan. 9, 2014).

The Court will address the parties' cross motions for protective order in turn.

3

**1. Plaintiff's Motion for Protective Order**

Plaintiff requests that the Court issue a protective order as to the March 10 and 11 depositions given "Defendant's failure to confer and for its terminating settlement discussions at the very last moment before the end of the discovery period." Doc. 46 at 5. That is, Plaintiff accuses Defendant of gamesmanship regarding settlement negotiations in order to avoid depositions and to "run out the clock" on the discovery period. Doc. 46 at 2. This argument, however, fails to provide good cause to protect Plaintiff from the depositions that Defendant did eventually set.[2] Indeed, Defendant provided timely notice of the depositions, as it served the notices on February 24, 2026, setting the depositions for 14 and 15 days later (on March 10 and 11, 2026). *See* D.N.M. LR-Civ. 30.1 ("Service of notice of deposition in accordance with Fed. R. Civ. P. 30(b) must be made at least fourteen (14) days before the scheduled deposition."); *see also* Doc. 13 at 1 n.1 (Scheduling Order, reminding parties that "[a] notice to take a deposition shall be considered timely only if the deposition takes place prior to the discovery deadline,"— i.e. before March 16).

However, Local Rule 30.1 also requires that "Counsel must confer in good faith regarding scheduling of depositions before serving notice of deposition." Here, it does not appear that Defendant conferred with Plaintiff before unilaterally setting the March 10 and 11 depositions. Even so, the Court does not find that Defendant's failure to confer justifies prohibiting all together the otherwise timely-noticed depositions. Rather, the Court finds that the appropriate remedy is to grant a limited, 30-day extension of the discovery deadline so that the

---

[2] To the extent Plaintiff would argue that Defendant engaged in gamesmanship regarding settlement negotiations in order to prevent Plaintiff from setting its own depositions prior to the close of discovery, Plaintiff does not make this argument in response to Defendant's motion for protective order. Indeed, as discussed below, Plaintiff filed no response to Defendant's motion.

parties can confer and set the depositions of Alfredo Cortazar, Melinda Zak, and Cortazar Laboratories.

Lastly, Plaintiff seeks a protective order regarding the topics of the Rule 30(b)(6) deposition of Cortazar Laboratories, asserting that, "Plaintiff does not seek an order from the Court providing that it need not respond to the fifteen categories at issue. Plaintiff's request is merely that the Court enter an Order requiring the parties . . . to confer regarding the deposition topics." Doc. 46 at 1. That is, although Plaintiff agrees to a Rule 30(b)(6) deposition, it argues that "[g]iven the failure to confer, the short time frame and the list of topics, Plaintiff cannot reasonably prepare witnesses to testify as to these matters in such a short time frame." *Id.* at 5.

However, Defendant first served its notice of the Rule 30(b)(6) deposition on December 18, 2025 and the subsequent notice of the Rule 30(b)(6) deposition, served February 24, 2026, included the exact same list of topics. *Compare* Doc. 48-3 at 6-7, *with* Doc. 48-1 at 10-11. As Defendant points out, and as Plaintiff does not dispute, despite having notice of the Rule 30(b)(6) topics since December 18, 2025, Plaintiff raised objections to the topics for the first time in its motion for protective order, filed March 6, 2026. Thus, the Court does not find good cause to issue a protective order as to the Rule 30(b)(6) deposition topics.

### 2. Defendant's Motion for Protective Order

Defendant requests a protective order against the seven depositions Plaintiff noticed on March 6, which were set for March 12, 13, and 16. Doc. 48. Plaintiff failed to respond to this cross motion and therefore consents to grant the motion. *See* D.N.M. LR-Civ. 7.1(a). Further, the Court finds good cause to grant the protective order given that Plaintiff only provided the witnesses 6, 7, or 10 days' notice. *See* D.N.M. LR-Civ. 30.1 ("Service of notice of deposition in

5

accordance with Fed. R. Civ. P. 30(b) must be made at least fourteen (14) days before the scheduled deposition.").

## CONCLUSION

For the reasons discussed above, the Court DENIES Plaintiff Cortazar Laboratories, LLC's Motion for Protective Order (Doc. 46) as follows:

- The discovery deadline is extended to **May 11, 2026** for the limited purpose of scheduling the depositions of Alfredo Cortazar, Melinda Zak, and Cortazar Laboratories. The parties should confer regarding the scheduling of depositions and, if they are unable to reach agreements, Defendant may set the depositions, giving Plaintiff at least 14 days' notice.

- The deadline to file pretrial motions is extended to **June 10, 2026**.

Lastly, the Court GRANTS Defendant's cross Motion for Protective Order (Doc. 48) as to the depositions of First-Citizens, Larissa Byrd, Mike Mullinecks, Heather Biagi, Tiffany Staples, Susan Griffith, and Geroge Sarantos, set for March 12, 13, and 16.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

6